**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY EAVES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-52 |
| | ) | Judge Nora Barry Fischer/ |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| CITY OF MCKEESPORT POLICE DEPT., | ) | |
| MR. JOSEPH OSINSKI, and JENNIFER | ) | |
| RICHARDS, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I.  RECOMMENDATION

It is respectfully recommended that the Complaint, ECF No. 3, be dismissed pre-service

pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted and/

or as frivolous.

## II.  REPORT

At the time of filing this action, Anthony Eaves ("Plaintiff") was apparently no longer a

prisoner, as Plaintiff's address on the docket is a private property.   Plaintiff is proceeding pro se

and has been granted in forma pauperis ("IFP") status, ECF No. 2, in order to pursue a civil

rights complaint.  ECF No. 3.  Because the instant Complaint is repetitious of the Amended

Complaint and the proposed Third Amended Complaint in Eaves v. Sholek, No. 17-cv-886

(W.D. Pa. ECF Nos. 19 & 26-1) (the "Previous Case"), the instant Complaint in this case is

frivolous.  In the alternative, because the Court dismissed the Previous Case for failure to state a

claim upon which relief could be granted, and the reasons given in the Previous Case apply

equally to the instant Complaint, the instant Complaint should also be dismissed for the same reasons as given for dismissal in the Previous Case.

### A. STANDARD OF REVIEW

Because Plaintiff has been granted IFP status, the screening provisions of 28 U.S.C. § 1915(e) apply. 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a person granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the

complaint when adjudicating a motion to dismiss under Rule 12(b)(6).  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001).  The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the instant Complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

**B.  PROCEDURAL HISTORY**

Plaintiff's instant Complaint was filed on January 18, 2018.  ECF No. 3.  Plaintiff utilized a form complaint for pro se filers.  In the instant Complaint, Plaintiff names three defendants:  1) the City of McKeesport; 2) Officer Joseph Osinski; and 3) Jennifer Richards.  In the instant Complaint, Plaintiff alleges that Defendant Richards, the alleged victim of Plaintiff's sexual assault told one story on January 16, 2016 to Officer Osinski concerning the sequence of events concerning the alleged sexual assault.  Plaintiff further alleges, at the preliminary hearing on January 25, 2016, however, Defendant Richards testified to a different sequence of events.

Plaintiff complains that Officer Osinski obtained an arrest warrant from a state magisterial district judge before forensic analysis of the evidence was completed. Plaintiff also

3

complains that Officer Osinski took "an excessive, surplus and duplicate DNA sample from" Plaintiff given that while Plaintiff was incarcerated in the Pennsylvania Department of Corrections, he had given a DNA sample in July 2008. ECF No. 3 at 7. Plaintiff also alleges that his arrest and prosecution were based on racial discrimination because he is "African-American and J. Richards is caucasian and J. Osinski is too." Id. at 8.

When directed to specifically identify the federal statutes or provisions of the United States Constitution that are at issue, Plaintiff responded as follows:

> The New Federal Rules of Evidence 804(b)(3) Declarations Against Interest applies to statements against penal interest introduced by the government as well as by the defendant in criminal cases. Also Federal Rules of Evidence > Article IV. Relevance and It's Limits > Rule 404. Character Evidence; Crimes or Other Acts, Evidence of a Person's character or of a crime is not [sic] admissible for proving motive, intent, plan, knowledge, identity, absence of mistake, opportunity or lack of accident.

ECF No. 3 at 4.[1]

---

[1] We note that Plaintiff mischaracterizes Rule 404 which we quote in part as follows:

> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> > (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> > (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404. We also note that the Federal Rules of Evidence do not apply in state court proceedings.

### C.  DISCUSSION

#### 1.  Repetitious Cases Are Frivolous.

The instant Complaint is nearly identical to both the Amended Complaint and the proposed Third Amended Complaint in the Previous Case.   Previous Case (ECF No. 26-1, filed 11/15/2017).

The procedural history of the Previous Case is as follows.

The original Complaint in the Previous Case named seven defendants: the Allegheny County District Attorney's Office; Allegheny County Jail; Monica Cwynar; Keefe Commissary; Presbyterian University Hospital; Mr. Shalek; and Mr. Frank Walker.  The original Complaint concerned actions taken in or about June, 2008.  Plaintiff acknowledged the statute of limitations problem with his original Complaint but contended that he was "suffering from hidden injury, which tolls the statute of limitations from 2 years to 10 years, in which I have to file a complaint."  Previous Case (ECF No. 3, at 3, ¶ IV.C; id. at 5).

On August 1, 2017, Plaintiff filed a Motion to Stay the Complaint, albeit without explanation for the necessity of the stay.  Previous Case (ECF No. 6).  The Court granted the stay but required Plaintiff to file a Notice of Intent as to how he wished to proceed in this case, which was to be returned to the Court no later than August 23, 2017.  Id. (ECF No. 7).  Plaintiff failed to return the Notice of Intent by the due date.  Accordingly, on September 6, 2017, the Court issued an Order to Show Cause why the case should not be dismissed due to Plaintiff's failure to prosecute.  Id. (ECF No. 11).  The Order to Show Cause was sent to Plaintiff at his address of record which was Torrance State Hospital.  On September 21, 2017, the Order to Show Cause was returned to sender as not deliverable.  Id. (ECF No. 12).  On September 29, 2017, Plaintiff filed a Motion to Reopen the case.  Id. (ECF No. 13).  That Motion to Reopen the case indicated

5

that Plaintiff's address had apparently changed as the address was no longer at Torrance State Hospital. However, Plaintiff never filed a formal notice of change of address with the Court. On October 5, 2017, the Court granted the Motion to Reopen the case and ordered Plaintiff to file one consolidated amended complaint no later than October 31, 2017. Id. (ECF No. 14). On October 24, 2017, Plaintiff filed a Motion to Amend the Complaint, ECF No. 15, and a Motion to Add a New Defendant. Id. (ECF No. 16). On October 25, 2017, the Court denied the Motion to Amend and the Motion to Add a New Defendant as moot in light of the Court's October 5, 2017 Order directing Plaintiff to file one consolidated amended complaint no later than October 31, 2017. Id. (ECF No. 18). Furthermore, the Court reminded Plaintiff that he had until October 31, 2017 to file his one consolidated amended complaint. On October 31, 2017, Plaintiff filed his Amended Complaint that named only one defendant, i.e., Jennifer Richards. Id. (ECF No. 19). That Amended Complaint in the Previous Case is attached hereto as Appendix 1.

In the Amended Complaint from the Previous Case, Plaintiff made nearly identical allegations against Defendant Richards as he does in the instant Complaint. Appendix 1 at 4 (recounting that on January 16, 2016, Defendant Richards alleged one sequence of events in the assault and that on January 25, 2016, at the preliminary hearing, she alleged a different sequence of events in the assault). In the Amended Complaint from the Previous Case, when directed to specifically identify the federal statutes or provision of the United States Constitution that are at issue, Plaintiff responded by citing to the New Federal Rules of Evidence 804(b)(3) Declarations Against Interest, and the Federal Rules of Evidence Rule 404, which is exactly the same basis that he relies upon in the instant Complaint.

In the Previous Case, the undersigned issued a Report and Recommendation on November 6, 2017, recommending that the Amended Complaint be dismissed pre-service for

6

failure to state a claim.  The Report is attached hereto as Appendix 2.  In response to the Report, Plaintiff filed several motions as well as Objections to the Report, Previous Case (ECF No. 25), and a Motion to be permitted to file a Third Amended Complaint, with the proposed Third Amended Complaint attached.  Id. (ECF No. 26).  A copy of the Third Proposed Amended Complaint is attached hereto as Appendix 3.   The Honorable Nora Barry Fischer, issued an Order on November 16, 2017 (the "November 16, 2017 Order") adopting the Report and Recommendation and overruled the objections and denied Plaintiff leave to file the Proposed Third Amended Complaint as futile because the proposed Third Amended Complaint failed to state a claim upon which relief can be granted. Previous Case (ECF No. 28).  A copy of the November 16, 2017 Order is attached hereto as Appendix 4.

Comparing the Third Proposed Amended Complaint to the instant Complaint reveals that the same defendants are named in both complaints and the same alleged violations of federal law are made, namely, the Federal Rules of Evidence and the same claims and allegations are made in both complaints, the gravamen of which are that Defendants Osinski and the McKeesport Police Department falsely arrested Plaintiff and falsely prosecuted him and such was accomplished at least in part due to racial animus against Plaintiff.  Appendix 3 at 4 (Defendants Osinski and the McKeesport Police Department "asked that Plaintiff be charged with Rape, Sexual Assault, and Aggravated Indecent Assault prior to the conclusions of the DNA forensic evidence analyzed by scientist Elizabeth Wasbom…. Joseph Osinski used Plaintiff's past criminal history as a basis to obtain a search warrant. … Plaintiff claims his incarceration happened because of a false arrest.…  [And] plaintiff was discriminated against because he is African-American and J. Osinski and J. Richards are Caucasian American.").

A comparison of both the Amended Complaint in the Previous Case and the Proposed Third Amended Complaint with the instant Complaint also reveals that the instant Complaint is clearly repetitious of the Amended Complaint in the Previous Case and the Proposed Third Amended Complaint in the Previous Case. As such, the instant case is repetitious, and, therefore, frivolous. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). See also Neitzke v. Williams, 490 U.S. 319, 324 (1989) ("Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."). Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the instant Complaint should be dismissed prior to being served as frivolous.

### 2. The Complaint fails to state a claim for the same reasons given in the Previous Case.

In the alternative, the instant Complaint fails to state a claim for the same reasons with respect to Defendant Richards that the Report and Recommendation in the Previous Case, Appendix 2, relied upon and for the same reasons with respect to Defendants Osinski and the McKeesport Police Department that the November 16, 2017 Order, Appendix 4, filed by Judge Fischer relied upon in the Previous Case to deny further amendment as futile. We incorporate by reference the reasoning contained therein as if set forth fully herein and also recommend dismissal of the instant Complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

Accordingly, for the foregoing reasons, the instant Complaint should be dismissed for failure to state a claim upon which relief can be granted. Amendment would be futile.

8

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72. D.2.

Date:  February 1, 2018                     Respectfully submitted:

                                            /s/Maureen P. Kelly
                                            MAUREEN P. KELLY
                                            CHIEF UNITED STATES MAGISTRATE JUDGE


cc:     Honorable Nora Barry Fischer
        United States District Judge


        ANTHONY EAVES
        903 Watson Street
        Pittsburgh, PA 15219

9